IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FELICIA CHAVANNE, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. |
| ERIE INSURANCE, SECOND LOOK, INC. | : | |
| and BARRY LEFEVER, | : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| FELICIA CHAVANNE, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 5:21-cv-02266-JLS |
| SECOND LOOK, INC., | : | |
| | : | |
| Defendant. | : | |

**OMNIBUS NOTICE OF REMOVAL OR IN THE ALTERNATIVE AMENDED NOTICE OF REMOVAL**

Defendants Erie Insurance ("Erie") and Second Look, Inc. ("Second Look"), by their undersigned counsel, hereby petition this Court as follows, pursuant to 28 U.S.C. § 1441(a):

1. Erie is a defendant in an action pending in the Court of Common Pleas of Lancaster County, Docket No. CI-21-01006 ("the State Court Action"). A true and correct copy of the Complaint in the State Court Action is attached hereto as Exhibit "A".

2. Plaintiff in the State Court Action is FELICIA CHAVANNE ("Plaintiff"). See Exhibit "A".

3. Plaintiff's State Court Action alleges violations arising under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*

4. The State Court Action involves a question of federal law. Pursuant to 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5. Pursuant to 28 U.S.C. § 1441(a), "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6. Since this case arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, Erie may properly remove the State Court Action based on 28 U.S.C. § 1441(a).

7. This Notice has been filed with the Court within thirty (30) days after purported service of the Complaint on Erie on or about April 28, 2021.

8. The State Court Action arose out of Erie filing an appeal of a judgement that was entered against Erie in Magisterial District Court, case no. MJ-02302-CV-0000166-2020 ("Magisterial District Court Action"). Second Look was also a defendant in the Magisterial District Court Action. Erie filed a separate appeal of this judgment to commence the State Court Action. The State Court Action only involves Erie and Plaintiff improperly included Second Look and Barry Lefever ("Lefever") as defendants on the Complaint in the State Court Action.

9. Second Look also filed its own appeal of the judgment that was entered against it in the Magisterial District Court Action. Upon the filing of Second Look's appeal, that matter was docketed in the Court of Common Pleas of Lancaster County, Docket No. CI-21-00945 ("The Second Look State Action").

10. Thus, following the appeals of Erie and Second Look, there were two separate matters docketed in the Court of Common Pleas of Lancaster County, the State Court Action and the Second Look State Action.

11. On April 28, 2021, despite each separately docketed matter involving only Erie and Second Look, respectively, Plaintiff served identical Complaints in the State Court Action and the Second Look State Court Action on both Erie and Second Look.

12. Each of the identical Complaints named both Erie and Second Look while also adding yet another improperly named defendant, Lefever, who was never even a party to the Magisterial District Court Action.

13. Thus, despite all of the procedural deficiencies in Plaintiff's Complaints, Erie and Second Look were both first put on notice of Plaintiff's FDCPA allegations on April 28, 2021.

14. On May 26, 2021, the State Court Action docket was updated to reflect that Lefever was served with the Complaint in the State Court Action on May 16, 2021.

15. On May 19, 2021, Second Look filed a Notice of Removal of the Second Look State Action and removed the Second Look State Action to the Federal District Court for the Eastern District of Pennsylvania at Case No. 5:21-cv-02266.

16. Second Look did not include Erie or Lefever in its Notice of Removal as neither was a proper party to the Second Look State Action.

17. Erie now presently moves to remove the State Court Action as described above.

18. Erie does not believe that consent of Second Look or Lefever is required to remove the State Court Action as Second Look and Lefever were both erroneously added to Plaintiff's Complaint and are not proper parties.

19. Nevertheless, in an effort to streamline the removal process and to bring clarity to the improper manner in which Plaintiff filed her multiple Complaints, Second Look and Lefever consent to the removal of the State Court Action.

20. To the extent it is determined that Erie, Second Look and Lefever are all proper parties to either the State Court Action and/or the Second Look State Action, or that removal of the State Court Action in anyway overlaps with the previously filed Notice of Removal of the Second Look State Action, each of Erie, Second Look and Lefever consent to the removal as to all claims against all "Defendants."

21. Further, to the extent that it is determined that this Omnibus Notice of Removal overlaps with the previously filed Notice of Removal of the Second Look State Action, Erie and Second Look respectfully request that this Omnibus Notice of Removal be considered an Amended Notice of Removal, amending the Notice of Removal filed by Second Look in Case No. 5:21-cv-02266.

22. Whether via separate removals, or one single Amended Notice of Removal, the end result is that all claims as to all defendants are properly removed to Federal Court.

WHEREFORE, Defendants ERIE INSURANCE and SECOND LOOK, INC. pray that the State Court Action and SECOND LOOK State Court Action be removed from the Court of Common Pleas of Lancaster County, Docket Nos. CI-21-01006 and CI-21-00945, to this Court for proper and just determination.

        KAUFMAN DOLOWICH & VOLUCK, LLP

By: /s/ Richard J. Perr
RICHARD J. PERR, ESQUIRE
MONICA M. LITTMAN, ESQUIRE
(Pa. Atty I.D. Nos. 72883 & 94134)
Four Penn Center
1600 John F. Kennedy Blvd., Suite 1030
Philadelphia, PA  19103
(v) 215-501-7002; (f) 215-405-2973
rperr@kdvlaw.com; mlittman@kdvlaw.com
Attorneys for Defendant Erie Insurance and Second Look, Inc.

Dated: May 28, 2021

## CERTIFICATE OF SERVICE

I, RICHARD J. PERR, ESQUIRE, hereby certify that on or about this date, I served a true and correct copy of the foregoing electronically via the Court's CM/ECF system, first class mail, postage prepaid, and email on the following:

Ian R. Brinkman, Esquire
Gibbel, Kraybill & Hess LLP
2933 Lititz Pike
Lancaster, PA  17606
ibrinkman@gkh.com
Attorney for Plaintiff

Jason A. Statler, Esquire
Johnson Duffie, Stewart & Weidner
301 Market Street – P.O. Box 109
Lemoyne, PA  17043-0109
jasonstatler@johnsonduffie.com
Attorney for Defendant Barry Lefever

Dated:  May 28, 2021                    /s/ Richard J. Perr
                                                                RICHARD J. PERR

4830-4116-5036, v. 1